UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RALPH E. SUTTLE and JENNIFER SUTTLE,    )
                                        )
                Plaintiff,              )
                                        )
                                        )
v.                                      )         No. 3:15-CV-29-HBG
                                        )
BETH L. POWERS,                         )
                                        )
                Defendant.              )
                                        )

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 17].

Now before the Court is a Motion for Summary Judgment [Doc. 24], filed by Defendant Beth L. Powers. The Plaintiffs have responded in opposition to the Defendant's request for relief, [Doc. 25]. The Court finds that the Motion for Summary Judgment is now ripe for adjudication, and for the reasons stated herein, it will be **GRANTED**.

## I.    POSITIONS OF THE PARTIES

This is a car-wreck case. Plaintiff Ralph Suttle slid off of U.S. Highway 25E in the early morning hours of January 2, 2014. Minutes later, Defendant Beth Powers also slid off of Highway 25E in essentially the same spot as Mr. Suttle, and Plaintiffs allege her vehicle ran into Mr. Suttle and/or his vehicle. Plaintiffs claim that Ms. Powers was negligent in operating her vehicle and that, as a result of Ms. Powers's negligence, Plaintiffs incurred damages.

Ms. Powers maintains that the undisputed facts show that the accident was caused by black ice that was present on the highway at the location where the accident occurred. Ms. Power argues that the presence of the ice and resulting departure from the road were an act of God – that is, they were the result of forces of nature that were uncontrolled and uninfluenced by the power of man – and liability cannot be imposed when an act of God caused the damages. Ms. Powers contends that the Suttles admit that they are not aware of any facts that support their allegation of negligence. Ms. Powers argues that there are no facts in the record that would support the conclusion that the accident was caused by anything other than black ice on the highway.

The Suttles respond that Mr. Suttle testified in his deposition that he and his vehicle were struck by Ms. Powers's vehicle, but Ms. Powers denied that she ever collided with Mr. Suttle's vehicle. The Suttles maintain that Mr. Suttle's version of the events is somewhat corroborated by Scott Matlock, who was present at the time of the accident. The Suttles argue that the conflicting testimony regarding whether Ms. Powers's vehicle struck Mr. Suttle and/or his vehicle constitutes a genuine issue as to a material fact, and therefore, granting summary judgment in favor of Ms. Powers is not appropriate.

## III.    STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. Celotex Corp. v. Catrett, 477 U.S. 317, 330 n. 2 (1986); Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339 (6th Cir. 1993).

2

All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Burchett v. Kiefer, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." Curtis v. Universal Match Corp., 778 F. Supp. 1421, 1423 (E.D.Tenn.1991) (citing Celotex, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder of fact. Anderson, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. Id. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

## IV.    ANALYSIS

The Court finds that this case is before the Court based upon diversity jurisdiction under

28 U.S.C. § 1332. [See Doc. 1 at ¶ 5]. Accordingly, the substantive law of the State of Tennessee

guides disposition of the claim before the Court. See Erie R.R. Co. v. Tompkins, 304 U.S. 64

(1938).

Under Tennessee law, "a plaintiff bringing a negligence action must prove: (1) a duty of

care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of

care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5)

proximate, or legal cause."  Kellner v. Budget Car & Truck Rental, Inc., 359 F.3d 399, 403 (6th

Cir. 2004) (citing Bennett v. Putnam County, 47 S.W.3d 438, 443 (Tenn. Ct. App. 2000)).

The Tennessee Court of Appeals has explained the common-law standard of care with

which a vehicle must be operated:

> Under Tennessee law, the standard that must be applied in
> negligence cases is that of a reasonable and prudent person in the
> same or similar circumstances.  See Menuskin v. Williams, 940
> F.Supp. 1199, 1211 (E.D. Tenn. 1996); McClung v. Delta Square
> Ltd. P'ship, 937 S.W.2d 891, 895 (Tenn. 1996); McCall v. Wilder,
> 913 S.W.2d 150, 153 (Tenn. 1995); Dooley v. Everett, 805 S.W.2d
> 380, 384 (Tenn. Ct. App. 1990); Kelley v. Johnson, 796 S.W.2d
> 155, 158 (Tenn. Ct. App. 1990). When determining whether an
> individual has conformed to this standard, the trier of fact must
> consider the evidence presented regarding the facts of the case and
> may also rely on the considerations of logic, common sense, public
> policy, and precedent.  See Kelley, 796 S.W.2d at 158.  When an
> individual is operating a motor vehicle, he or she is required to
> operate the vehicle in such a manner and at such a speed that is
> consistent with what a reasonable and prudent person would do
> under the same or similar circumstances.  See Cawthon v. Mayo,
> 325 S.W.2d 629, 637 (Tenn. Ct. App. 1958) . . . . Consistent with
> this general rule, a motorist must proceed at a speed sufficiently
> slow to enable him or her to stop in time to avoid any obstruction
> or condition in the roadway that he or she had a reason to expect.
> See Cline v. United States, 214 F. Supp. 66, 72 (E.D. Tenn. 1962).
> An acceptable speed of travel is one that is commensurate with the

then existing conditions of the roadway and atmosphere. See Hopper v. United States, 122 F. Supp. 181, 188 (E.D. Tenn. 1953). The mere fact that a motorist is operating his or her vehicle at a speed that is within the limit proscribed by law does not preclude the conclusion that the speed is excessive under the circumstances. See Cline, 214 F. Supp. at 73; Hopper, 122 F. Supp. at 188. When determining whether an individual was operating his or her vehicle at an excessive speed under the circumstances, it is not essential that the trier of fact have before it direct evidence regarding this matter; rather, a finding with respect to the speed of a vehicle may be inferred from the facts of the case. . . .

Hardeman Cnty. v. McIntyre, 420 S.W.3d 742, 750-51 (Tenn. Ct. App. 2013) (citing Ward v. Gilless, No. W1999–01324–COA–R3–CV, 2000 WL 34411148 (Tenn. Ct. App. Aug. 21, 2000)).

"[N]egligence is not presumed from the mere fact of an accident or injury," Hickman v. Jordan, 87 S.W.3d 496, 499 (Tenn. Ct. App. 2001) (citing Armes v. Hulett, 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992)), and "[i]t is a well-settled principle of law that negligence cannot be implied simply from skidding," Whitaker v. Harmon, 879 S.W.2d 865, 868 (Tenn. Ct. App. 1994) (citing Shepherd v. Ball, 337 S.W.2d 243 (Tenn. App. 1959)).

An unavoidable accident has been defined as an event that, "under all attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned." Whitaker, 879 S.W.2d at 870 (quoting 7A AM. JUR. 2d Automobiles and Highway Traffic § 397, at 607-08)). An unavoidable accident demonstrates a lack of negligence. See id.

In the instant case, the Court finds that there is no genuine dispute as to whether Ms. Powers's actions feel below the applicable standard of care. There is no evidence demonstrating that a jury could find that Ms. Powers breached the standard of care. Even viewing the evidence

in the light most favorable to the Suttles, the Court finds that the evidence presented is not sufficient to support submitting this case to the finder of fact.

Initially, the Court finds that, even viewing the evidence in the light most favorable to the Plaintiffs, there is no dispute that Ms. Powers was operating her vehicle in a manner and at a speed that is consistent with what a reasonable and prudent person would do under similar circumstances. Ms. Powers testified that she was not aware of the fact that there might have been ice on Clinch Mountain near the scene of the accident [Doc. 23-1 at 10]. She stated that it was raining, not freezing, when she was traveling on the highway. [Id. at 11]. She did not see any wrecks as she drove, nor did she see any vehicles off the road. [Id. at 9]. Ms. Powers testified that she was travelling at a speed appropriate for a rainy morning, with poor weather conditions. [Id. at 11]. She stated that she was travelling below the speed limit. [Id.]. Ms. Powers testified that she had not run into any ice before the accident and that she did not have any way of knowing that there was ice on the highway before the accident. [Id. at 12]. She explained that, prior to the accident, she had travelled approximately eighteen miles from her home and had not run into any ice. [Id.].

There is no testimony in the record that contradicts this testimony. Instead, the testimony of both Mr. Suttle and Mr. Matlock demonstrate that the hazardous condition – that is, the ice on the road – was not so obvious or apparent that it required more cautious behavior on the part of Ms. Powers. Mr. Suttle testified that the morning was dark and cold but it was not freezing. [Doc. 23-3 at 53]. Mr. Suttle stated that he observed a vehicle headed in the opposite direction just before he got to the accident site, and based upon the spray from the tires of the vehicle, Mr. Suttle himself thought it was raining [Id. at 56], as opposed to snowing or sleeting. Mr. Matlock

testified that he did not encounter any ice prior to arriving at the accident scene. [Doc. 23-2 at 13]. Mr. Matlock stated that visibility was a little less than normal, but not "a lot" less. [Id.].

Because there is no dispute that Ms. Powers was operating her vehicle in a manner and at a speed that is consistent with what a reasonable and prudent person would do under similar circumstances, there is no basis upon which a trier of fact could conclude that Ms. Powers's conduct fell below the applicable standard of care. Therefore, the Court finds that the Plaintiffs cannot demonstrate an essential element of negligence. See Kellner, 359 F.3d at 403

Moreover, the evidence in the record, even when viewed in the light most favorable to the Plaintiffs, demonstrates that, under the circumstances, Ms. Powers could not have, in the exercise of ordinary care, foreseen or anticipated the accident, and therefore, the accident was unavoidable. Ms. Powers testified that she did not see Mr. Suttle prior to the accident, and when she hit the black ice on the highway, her vehicle started spinning. [Doc. 23-1 at 13]. Mr. Suttle stated that he started to notice his vehicle's back end having a little give approximately 200 yards before the point where his vehicle – and later, Ms. Powers's vehicle – slide off the highway. [Doc. 23-3 at 57]. Similarly, Mr. Matlock confirmed that when he first encountered ice at the accident scene, he had not had any prior warning. [Id. at 18]. The Court finds that all of the relevant testimony indicates that there was no prior warning that the ice or black ice was present until it was too late to compensate. There is no testimony that indicates that a driver exercising an ordinary amount of care could have foreseen, anticipated, or avoided the accident. Because all of the evidence in the record demonstrates that the accident was unavoidable, the Court again finds that a trier of fact could not conclude that Ms. Powers was negligent. See Whitaker, 879 S.W.2d at 870.

Finally, the Court finds that the evidence before the Court – again, even when viewed in the light most favorable to the Plaintiffs – demonstrates that Ms. Powers skidded or slid off the highway.  Ms. Powers has testified that her vehicle slid off the road.  [Doc. 23-1 at 17].  Mr. Matlock testified that he was confident that Ms. Powers hit ice and then slid off the roadway. [Doc. 23-2 at 30].  Mr. Suttle testified that he believed his vehicle left the road because it slid on black ice.  [Doc. 23-3 at 60].  Plaintiffs have not brought forth any evidence indicating that, under the same physical conditions, Ms. Powers's vehicle left the road for a reason other than ice.  The trier of fact cannot presume negligence where all of the evidence demonstrates that Ms. Powers's vehicle simply slid off the road.  <u>Whitaker</u>, 879 S.W.2d at 868.

The Court acknowledges that Mr. Suttle's testimony conflicts with the testimony of Ms. Powers with regard to the resulting collision.  Mr. Suttle testified that he saw Ms. Powers's vehicle make contact with his vehicle [Doc. 23-3 at 72], while Ms. Powers testified that she did not strike either Mr. Suttle or his vehicle, [Doc. 23-1 at 15].  This dispute, however, is not a dispute as to a material fact, because the testimony in the record establishes material facts that preclude a trier of fact from finding negligence on the part of Ms. Powers or from entering judgment in favor of the Plaintiffs.

Based upon the foregoing, the Court finds there is no genuine dispute as to any material fact, and the Court finds that Ms. Powers is entitled to judgment as a matter of law.

**V.     CONCLUSION**

Consistent with the findings above, the Motion for Summary Judgment **[Doc. 24]**, filed by Defendant Beth L. Powers, will be **GRANTED**.

**ORDER ACCORDINGLY.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge